UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| GAYLE P., | Case No. 3:20-cv-01108-AR |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

_____

**ARMISTEAD, Magistrate Judge**

In this judicial review of the Commissioner's final decision denying Social Security benefits, plaintiff Gayle P. (her last name omitted for privacy) contends that the Administrative Law Judge (ALJ) failed to provide specific, clear and convincing reasons for discounting her subjective symptom testimony and that the ALJ failed to develop the record. She contends that the ALJ listed objective findings and found that her daily activities were inconsistent with disability but failed to identify what specific evidence undermined her testimony and thus

Page 1 – OPINION AND ORDER

committed legal error. Pl. Br. at 3-12, ECF No. 13. As explained below, the court agrees with plaintiff that ALJ erred in discussing her subjective symptom testimony. Accordingly, the court reverses the Commissioner's decision and remands this case for further proceedings consistent with this Opinion and Order.[1]

## BACKGROUND & ALJ'S DECISION

Plaintiff applied for Title II Disability Insurance Benefits (DIB) and Title XVI Supplemental Security Income (SSI), alleging disability that began on March 7, 2016. Tr. 29. Her claims, which were denied initially and upon reconsideration, were considered by the ALJ at a hearing on August 27, 2019. In denying plaintiff's applications for disability benefits, the ALJ followed the five-step sequential evaluation process.[2] The ALJ determined that she had the following severe impairments: diabetes mellitus neuropathy, cervical and lumbar degenerative disc disease, obesity, right hip bursitis, and calcific tendonitis of the left hip. Tr. 29.

Particularly relevant to the court's review is the ALJ's assessment of plaintiff's residual functional capacity (RFC). 20 C.F.R. §§ 404.1545, 416.945. The ALJ identified medical-record evidence when discussing plaintiff's symptoms with respect to the RFC formulation: hip and back pain that radiates down her hip, buttocks, and legs, and that standing and walking aggravated her symptoms. Tr. 33. Nevertheless, the ALJ found that plaintiff's statements about

---

[1]     This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and all parties have consented to jurisdiction by magistrate judge under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c).

[2]     To determine a claimant's disability, the ALJ must apply a five-step evaluation. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the ALJ finds that a claimant is either disabled or not disabled at any step, the ALJ does not continue to the next step. *Id.*; *see also Parra v. Astrue*, 481 F.3d 742, 746–47 (9th Cir. 2007) (discussing the five-step evaluation in detail).

the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and her reported activities. Tr. 33-34. The ALJ determined that plaintiff has the RFC to perform "light work,"³ except that she is also limited to no more than occasional stooping, crouching, crawling, kneeling, climbing, or bilateral overhead reaching and needs to avoid concentrated exposure to unprotected heights, moving machinery, and similar hazards. Tr. 32. The ALJ determined that, given her RFC, plaintiff could perform past relevant work as a customer service representative. Tr. 35.

## DISCUSSION

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation and citation omitted). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).

---

³     "Light work" as defined by 20 C.F.R. § 404.1567(b) and 20 C.F.R. § 416.967(b), both of which involve

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

Page 3 – OPINION AND ORDER

A.  **The ALJ Failed to Identify Specific, Clear and Convincing Reasons to Discount Plaintiff's Testimony**

As for the credibility of a claimant's testimony about subjective pain or symptoms, when an ALJ "determines that a claimant for Social Security benefits is not malingering and has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms she alleges,[4] the ALJ may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015); 20 C.F.R. § 416.929. The specific, clear and convincing standard is "the most demanding required in Social Security cases" and is "not an easy requirement to meet." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014); *Trevizo v. Berryhill*, 871 F.3d 664, 678-79 (9th Cir. 2017). Moreover,

> an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony *by simply reciting the medical evidence in support of his or her residual functional capacity determination*. To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, *we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination*.

*Brown-Hunter*, 806 F.3d at 489 (emphases added). The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Id.* at 493.

The ALJ's decision need not be drafted with "ideal clarity," but it must, at a minimum, express the ALJ's reasoning "in a way that allows for meaningful review." *Id.* at 492.  A reviewing court may not glean findings from the administrative record, independent from the ALJ's findings, to conclude that an error is harmless. *Id*. at 492. The court is "constrained to

---

[4]  The ALJ did not find evidence of malingering.

Page 4  – OPINION AND ORDER

review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

The ALJ's decision purports to provide two reasons for discounting plaintiff's subjective symptom testimony – inconsistency with medical findings and activities of daily living. Plaintiff asserts that the ALJ's decision failed to meet the specific, clear and convincing standard because he failed to discuss why her allegations were not credible. The court turns to plaintiff's symptom testimony.

In her function report, plaintiff indicated difficulty with sitting, standing, and bending that affected her ability to work. Tr. 264. Further, she reported that pain, muscle spasms, stiffness, weakness, swelling, and a limited range of motion affected a variety of other physical actions such as reaching and climbing stairs. Tr. 271. Plaintiff also stated that she had to frequently change positions while sitting and that she could walk up to 15 minutes before needing to rest for six to ten minutes. Tr. 270. At the hearing, plaintiff testified that she had to had quit working because of her back pain, gastroparesis (which caused nausea and vomiting), and frequent migraines. Tr. 53. She reported pain in her right hip and constant pain in her left hip and lower leg (down the sciatic nerve). Tr. 50. Plaintiff estimated that she could only use a computer—which she had to constantly use for her customer service job—10 percent of a work shift before her she began to hurt. Tr. 59. While sitting, she would experience pain in her lower back, mid-back, neck, and shoulders. Tr. 58.

Plaintiff points to her testimony at the hearing and her functional report and contends that the ALJ fell short on his explanation as to why those allegations of her limitations—namely, the extent to which her hip and back pains are aggravated by prolonged sitting, standing, and walking—were not accepted. Pl. Br. at 5-6. Plaintiff argues that the ALJ erred by identifying only objective findings and daily activities to support the RFC and failed to offer a specific

Page 5  – OPINION AND ORDER

discussion about how that evidence undermines her testimony about her limitations. As the court explains, the court agrees with plaintiff that the ALJ's decision does not satisfy what *Brown-Hunter* requires.

The ALJ's description of plaintiff's allegations of back and hip pain was limited to reports from her medical providers—there was no mention of her subjective complaints, including her pain testimony. Plaintiff testified, essentially, that her back and hip pain, as well as her other conditions prevented her from sitting more than a small fraction of the time from her customer service job. The ALJ failed to "specifically identify" the testimony that he found not credible. And without that specific identification, the ALJ could not have, nor did it, "link" such testimony to contradictory evidence in the record. That is error under the specific, clear and convincing requirement articulated in *Brown-Hunter*.[5]

Further, the ALJ's discussion about the objective medical evidence is insufficient to allow the court to reasonably discern the pathway that the agency took. *See Brown-Hunter*, 806 F.3d at 492 (remarking that legal error can be affirmed if "the agency's pathway may reasonably be discerned, even if the agency explains its decisions with less than ideal clarity"). That is, the court cannot discern that the ALJ implicitly addressed plaintiff's symptom testimony by way of his discussion of the medical evidence in the record about plaintiff's back and hip condition. Although the Ninth Circuit has held that "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony," *Carmickle v. Comm'r*, 533 F.3d 1155,

---

[5] Although the Commissioner argues that the ALJ's analysis in this case is "far different" and more developed than the ALJ's analysis found lacking in *Brown-Hunter*, the specificity requirement pronounced in *Brown-Hunter* is unambiguous. A reviewing court cannot ignore the requirement because the failing of an ALJ to provide specific, clear and convincing reasons is not as severe as the failing of the ALJ in *Brown-Hunter*.

1161 (9th Cir. 2008), because the ALJ did not specifically identify how the medical evidence contradicted her reports of chronic pain in her back, legs, and hips, the court cannot discern with what symptom testimony the medical evidence is inconsistent.

The Commissioner asserts that the ALJ satisfied his obligation under *Brown-Hunter* by summarizing plaintiff's testimony and then discussing the medical evidence with an "impairment-by-impairment" analysis. Def.'s Br. at 6. The court disagrees. It is correct that the ALJ examined medical evidence of plaintiff's spine and hip impairments. The ALJ noted, as to plaintiff's spine, that examinations reflected normal motor strength, muscle bulk, and tone with full strength in her upper and lower extremities; sensation was intact and symmetrical in her upper and lower extremities and an absence of nerve root irritation. Tr. 33 (citing Tr. 448, 698, 705, 1090-91). As to plaintiff's hips, the ALJ noted full strength and range of motion and that her hip joint space was well-preserved. Tr. 34 (citing Tr. 448, 1147). Plaintiff, however, reported a range and variety of symptoms and the ALJ failed to link any of his observations about the medical evidence to any specific testimony given by plaintiff about those symptoms. For example, plaintiff reported that it is painful to sit for extended periods of time, yet it is unclear from the ALJ's decision whether the discussion of the medical evidence concerns that pain testimony. *See Brown-Hunter*, 806 F.3d at 494 ("This is not the sort of explanation or the kind of "specific reasons" we must have in order to review the ALJ's decision meaningfully, so that we may ensure that the claimant's testimony was not arbitrarily discredited."). Simply identifying medical evidence "impairment-by-impairment" without linking that evidence to a plaintiff's testimony does little to shed light on the ALJ's rationale and fails to comport with *Brown-Hunter*. Therefore, the court concludes that the ALJ's first reason is not supported by substantial evidence and fails to provide specific, clear and convincing support for discounting plaintiff's

Page 7 – OPINION AND ORDER

subjective symptom testimony.

In the ALJ's second reason, the ALJ found that her reported activities are inconsistent with a "disability" finding. Tr. 34. "Daily living activities may provide a basis for discounting subjective symptoms if the plaintiff's activities either contradict his or her testimony or meet the threshold for transferable work skills." *Miranda W. v. Saul*, 509 F. Supp. 3d 1270, 1282 (2020) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012), and *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007)). Even where a claimant's "activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113. However, a claimant need not be utterly incapacitated to receive disability benefits. *See Orn*, 495 F.3d at 639 (stating the Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability." (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001))).

Plaintiff argues that the activities identified by the ALJ are not inconsistent with her allegations, or evidence of an ability to perform light work on a regular and continuing basis. Given the daily activities that the ALJ cites, plaintiff asserts, there is not substantial evidence to support a conclusion that her activities are inconsistent with what she reported are her limitations and symptoms.

As for plaintiff's daily activities, she reported that she needs help from family members taking care of her cats and complete household chores, and can prepare simple (microwaveable food, sandwiches, and soup) meals for herself. Tr. 264-66. Plaintiff stated she can wash dishes for about 15 minutes before beginning to badly hurt, and may resume after resting for 20 minutes. Tr. 49. She stated that performing personal hygiene tasks are challenging—for example,

Page 8 – OPINION AND ORDER

plaintiff must hold on to something for support or must rest after doing simple tasks like getting dressed or using the toilet. Tr. 265. Plaintiff reported that she can do her own shopping, but it is difficult, and that she rests upon returning home. Tr. 268. To go places, plaintiff takes public transportation. Tr. 34. She reported she can watch movies and read, but even those activities have become difficult because of her conditions. Tr. 269.

The court agrees with plaintiff that the ALJ's findings regarding her activities of daily living are not supported by substantial evidence. In this case, the activities, chores, and personal self-care tasks that the ALJ cites (*e.g.*, plaintiff is "able to shop and prepared all her own meals"; "could take public transportation"; "do her own laundry and own dishes," Tr. 34) were qualified by plaintiff, according to her testimony and function report. For example, it is true that plaintiff was able to prepare her own meals, as the ALJ notes, but her ability to do so was significantly limited—she said that she could only prepare basic meals that involve minimal physical exertion. Another instance is that, although plaintiff is able to do some shopping, she reported is it difficult and requires rest afterwards. And, that plaintiff was volunteering for two hours a week and attending vocational rehabilitation twice a week to secure part-time work does not mean she could sustain full-time work. Tr. 34. None of the activities on which the ALJ relies contradict plaintiff's testimony that she is unable to engage in prolonged and repetitive efforts, including sitting at work and using a computer on a "regular and continuous basis." *See* Social Security Ruling (SSR) 96-8p, at *1 ("A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."); *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011) (noting that the Social Security Act does not require complete incapacity to be disabled); *Martinez v. Saul*, 859 F. App'x 142, 143 (9th Cir. 2021) (that claimant "could perform these tasks at home, however, does not mean that she could adequately meet the more arduous

Page 9 – OPINION AND ORDER

demands of a full-time job"). The ALJ's decision points to two trips to Las Vegas that plaintiff made during the relevant period. However, the ALJ neither asked plaintiff for details about those trips at the hearing nor explains what it is about that travel that is inconsistent with her alleged symptoms and testimony. Thus, this alleged contradiction is not supported by substantial evidence. Without reference to the specific symptoms testified to by plaintiff or a recognition that the activities she reported were limited in their degree, the court is unable to conclude that substantial evidence supports the ALJ's finding concerning plaintiff's daily activities.

The Commissioner argues that there is evidence in the record showing that plaintiff performs exercises multiple times a day to help with her back and is able to ride her bike for significant distances, including a six-mile bike ride in June 2018, and that this evidence undermines her testimony about her capabilities and activities. Def.'s Br. at 11. The ALJ, however, did not identify this evidence as basis for discrediting plaintiff's symptom testimony, and thus it cannot provide a basis for sustaining the ALJ's finding here. *Garrison*, 759 F.3d at 1010 (providing the court reviews "only the reasons provided by the ALJ" and "may not affirm the ALJ on a ground upon which he did not rely"); *Connett*, 340 F.3d at 874 ("We are constrained to review the reasons the ALJ asserts."). Even if there is a pathway for the ALJ to explain that plaintiff's daily activities are inconsistent with her symptom testimony, the ALJ's conclusory explanation in this case is inadequate.

The court also cautions that a claimant should not be penalized for daily activities that are attempts to care for herself, live a normal life to the degree possible, and become healthier. The Ninth Circuit has "recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). A claimant need not be "utterly incapacitated" to be considered disabled. *Fair v. Bowen*,

Page 10 – OPINION AND ORDER

885 F.2d 597, 603 (9th Cir.1989); *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 101 (4th Cir. 2020) ("Being able to live independently and participate in the everyday activities of life empowers people with disabilities and promotes their equal dignity."); *id*. ("A claimant's inability to sustain full-time work due to pain and other symptoms is often consistent with her ability to carry out daily activities.").

In short, the court concludes that neither reason provided by the ALJ is supported by substantial evidence, and the ALJ failed to identify specific, clear and convincing reasons to discount plaintiff's subjective symptom testimony. The ALJ has erred.

**B.**    *The ALJ Did Not Have a Duty to Develop the Record*

Plaintiff argues that the ALJ erred in failing to develop record. Plaintiff contends that records from the Department of Vocational Rehabilitation could shed light on the nature of plaintiff's job searches, may evidence of testing for jobs that may fit her vocational profile, and their conclusions about her employability. Pl.'s Opening Br. at 11-12. The Commissioner responds that plaintiff has not demonstrated that the record was inadequate or ambiguous. The court agrees with the Commissioner on this point.

"The ALJ has a duty to conduct a full and fair hearing." *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). The ALJ's duty to develop the record is triggered where the evidence is ambiguous or the record is inadequate for proper evaluation of the evidence. *Id.*

Plaintiff contends that records from Vocational Rehabilitation may be "informative" and that they "might" contain testing information. Pl.'s Br. at 11-2. Plaintiff's argument misses the mark. Plaintiff has not shown that the evidence within the administrative record and before the ALJ was ambiguous or inadequate and that the records she now seeks would clarify some point on remand. Plaintiff's attorney at the hearing knew of the Vocational Rehabilitation records and

Page 11 – OPINION AND ORDER

did not submit the records before the hearing or ask that the administrative record be held open so that the records could be obtained and included. Because plaintiff has not shown the record was inadequate or ambiguous, the ALJ did not err in failing to develop the record. *Cf. Tonapetyan v. Halter*, 242 F.3d 1144, 1150-51 (9th Cir. 2001) (holding ALJ erred in failing to develop record of claimant's mental impairments where record was ambiguous and inadequate).

C.  *Remand Necessary*

The ALJ's RFC assessment was based on his consideration—or lack of proper consideration—of plaintiff's impairments and limitations, which led to the determination that she could perform her prior customer service job. Therefore, the ALJ's error is "not inconsequential to the ultimate nondisability determination." *See Treichler v. Comm'n Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). Given the harmful error in the ALJ's decision and that the parties agree that remanding for further proceedings is the appropriate remedy, the court remands this case so that the ALJ has an opportunity to supply a sufficiently specific discussion of plaintiff's subjective complaints and a more considered evaluation of how her daily activities could undermine them. *Garrison*, 759 F.3d at 1019 (stating remand is appropriate where "additional proceedings can remedy defects in the original administrative proceeding").

## CONCLUSION

For these reasons, the decision of the Social Security Commissioner is REVERSED, and this matter is REMANDED for further administrative proceedings consistent with this Opinion.

IT IS SO ORDERED.

DATED December 7, 2022.

_____
JEFFREY ARMISTEAD
United States Magistrate Judge